2004 UT App 468

**OGDEN CITY, Plaintiff and Appellee,**

v.

**Bruce EDWARDS, Defendant and Appellant.**

**No. 20030988–CA.**

Court of Appeals of Utah.

Dec. 16, 2004.

---

Bruce Edwards, Ogden, Appellant pro se.

Donald L. Dalton and M. Denise Dalton, Dalton & Kelley, Salt Lake City, for Appellee.

Before BILLINGS, P.J., DAVIS, and ORME, JJ.

## MEMORANDUM DECISION

DAVIS, Judge:

¶ 1 Bruce Edwards (Defendant) appeals his convictions for failure to register a vacant building, see Ogden City Municipal Code § 16–8B–3 (2001), and failure to file a vacant building plan, see id. § 16–8B–5 (2001). We reverse.

■ ¶ 2 Defendant argues that the 2001 version of Title 16, Chapter 8, Article B of the Ogden City Municipal Code (16–8B), see id. §§ 16–8B–1 to –16 (2001), is void in its entirety because Ogden City failed to comply with the adoption requirements for zoning ordinances, see Utah Code Ann. § 10–9–402 (2003), when it adopted 16–8B. Ogden City counters by arguing that these adoption requirements were inapplicable because its

adoption of 16–8B was not an exercise of its zoning powers, see id. §§ 10–9–401 to –409 (2003). We agree with Ogden City.

■ ¶ 3 Typically, zoning ordinances geographically segregate a municipality into districts or zones and impose restrictions upon the use of land within those districts or zones. See 83 Am.Jur.2d Zoning and Planning § 3 (2003) (" 'Zoning' is the division of land into distinct districts and the regulation of certain uses and developments within those districts."); 1 Anderson's American Law of Zoning § ·1.13 (4th ed. 1996) ("Comprehensive zoning consists of the division of the whole territory of a municipality into districts, and the imposition of restrictions upon the use of land in such districts."). Because 16–8B does not provide for any geographical segregation, see Ogden City Municipal Code § 16–8B–1 (providing that 16–8B is applicable to "all vacant buildings or structures within [Ogden C]ity now existing or hereafter becoming vacant"), we conclude that Ogden City's adoption of 16–8B was not an exercise of its zoning powers. See 83 Am.Jur.2d Zoning and Planning § 3 (2003) ("Municipal ordinances that regulate, in a general and uniform city-or town-wide manner, such as a building code, do not qualify as zoning. If a local ordinance applies to a particular activity wherever it is carried out in the town and does not suspend or limit the zoning ordinance, it is not a zoning law merely because it touches the use of land." (footnote omitted)). Therefore, the adoption requirements for zoning ordinances, see Utah Code Ann. § 10–9–402, were inapplicable to Ogden City's adoption of 16–8B.

■ ¶ 4 Defendant also generally argues that his conduct did not satisfy the elements of section 16–8B–3. In relevant part, section 16–8B–3 provides:

> [W]henever a building is vacant for more than ninety (90) days, or whenever any building is vacant and such building or premises thereof contains one or more "public nuisance violations[,"] as defined herein, then the owner of such building shall, within ten (10) days of notification, register such building as a vacant building and submit a vacant building plan. . . .

Ogden City Municipal Code § 16–8B–3(A). Accordingly, to convict Defendant of failing

to register his buildings under the plain language of section 16–8B–3, Ogden City was required to prove beyond a reasonable doubt that his buildings either were (1) "vacant for more than ninety (90) days," or (2) "vacant" and "contain[ed] one or more 'public nuisance violations.' " *Id.; see* Utah Code Ann. § 76–1–501 (2003) ("A defendant in a criminal proceeding is presumed to be innocent until each element of the offense charged against him is proved beyond a reasonable doubt. In absence of such proof, the defendant shall be acquitted."); *State v. Lopes*, 1999 UT 24,¶ 13, 980 P.2d 191 (concluding that "due process requires that the prosecution prove every element of the charged crimes beyond a reasonable doubt").

¶ 5 Even if we assume that Ogden City proved beyond a reasonable doubt that Defendant's buildings were "vacant," our review of the record reveals that Ogden City did not prove that Defendant's buildings were vacant "for more than ninety (90) days," or were vacant *and* "contain[ed] one or more 'public nuisance violations.' " Ogden City Municipal Code § 16–8B–3(A). Because Ogden City did not "prove every element of the charged crimes beyond a reasonable doubt," *Lopes*, 1999 UT 24 at ¶ 13, 980 P.2d 191, we reverse Defendant's convictions under section 16–8B–3 for failure to register a vacant building. *See* Utah Code Ann. § 76–1–501. Further, because Ogden City failed to prove that Defendant was guilty of failing to register his buildings under section 16–8B–3, he could not have been obligated to file vacant building plans for his buildings. *See* Ogden City Municipal Code § 16–8B–5 (requiring an owner to "submit a vacant building plan" only "[w]hen a building is registered as required" under section 16–8B–3). Therefore, we also reverse his convictions under section 16–8B–5.[1]

¶ 6 WE CONCUR: JUDITH M. BILLINGS, Presiding Judge and GREGORY K. ORME, Judge.

---

1. Because the issues we have addressed are dispositive of Defendant's appeal, we need not address his remaining arguments. *See, e.g., State v. Heaton*, 958 P.2d 911, 919 (Utah 1998).